UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STORE CHAIN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4: 22 CV 938 DDN |
| | ) |
| MELISSA GILBERT, and | ) |
| SETH MATKOWSKY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Seth Matkowsky to dismiss the complaint of plaintiff Store Chain, Inc., for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). Also before the Court is plaintiff's motion for its costs for serving the complaint on Matkowsky. The parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). The Court heard oral argument on the motions on March 21, 2023. For the reasons set forth below, the court sustains defendant Matkowsky's motion to dismiss and grants plaintiff's motion for its costs of service.

## BACKGROUND

Plaintiff Store Chain, Inc., filed this copyright infringement action against defendants Melissa Gilbert and Seth Matkowsky alleging they violated its exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute plaintiff's original, copyrighted works of authorship and under Missouri law. Store Chain is a Nevada corporation that designs and sells various items to customers nationwide, including in Missouri. One of its online boutiques is a store known as "Bachette," which sells bachelorette-themed party items. Defendants Gilbert and Matkowsky are residents of Missouri and Florida, respectively.

Store Chain alleges the following in its four-count complaint. Its "Work" at issue is part of its portfolio of registered artwork pertaining to festive-themed retail items sold through its online boutique Bachette. Plaintiff paid considerable sums to develop, design, and register unique artwork that helps to sell its products. The Work consists of two registered images, one "Multi-Color Unicorn" and one "My Final Fiesta Unicorn Bride," that Store Chain applies to clothing and other items sold for bachelorette parties. The images were both registered with an effective date of December 9, 2020.

Store Chain alleges that prior to registration, it first created and started using the Work on or about April 20, 2018. Store Chain does not ever permit any third party to use the Work and markets the Work on an exclusive basis.

Defendant Matkowsky owns and operates "an online retail store"[1] on which he markets using a wide variety of names, including "Apex Designs." Without authorization from Store Chain, Matkowsky made an illegal copy of Store Chain's Work as early as January 2019. Matkowsky then offered Store Chain's work for sale in formats suitable for reproduction to others, including Gilbert, who operates an online retail store known as "Lucy's Chic Boutique" as well as an Etsy shop under the username "Lucy'sChicBoutique."

Store Chain alleges that Gilbert purchased copies of its copyrighted Work from Matkowsky, and that from at least early 2020 through the date of its Complaint, Gilbert has repeatedly taken its copyrighted Work without permission or license in order to nationally advertise, market, and sell bachelorette party items in direct competition with Store Chain using Store Chain's proprietary Work. Store Chain alleges Gilbert committed the violations alleged in connection with her business for purposes of advertising and promoting her business to the public.

Store Chain asserts claims against Matkowsky for copyright infringement (Count 1), distribution of false copyright management information (Count 2), and conversion (Count 3). It asserts a single claim against Gilbert for copyright infringement (Count 4).

---

[1] Store Chain's complaint does not allege that Matkowsky's "online retail store" offers its wares other than generally to anyone on the Internet that has access to its web site.

It seeks injunctive relief to prevent the further sale of the infringing goods, an accounting of profits, statutory damages, and costs and attorneys' fees.

Store Chain asserts in its complaint that this Court has personal jurisdiction over Gilbert and Matkowsky.  It asserts in initially conclusory terms that  Matkowsky is subject to personal jurisdiction in Missouri because he conducts business in Missouri, because he committed the tortious and illegal acts referenced in its complaint in Missouri, and because Store Chain suffered harm from his tortious and illegal acts in Missouri.  More specifically, Store Chain asserts Matkowsky advertises and sells goods and services for sale in Missouri, which it argues is sufficient to subject Matkowsky to personal jurisdiction.   (Doc. 1 at 3-4.)  Later in the complaint, Store Chain alleges more specifically that Matkowsky obtained the Work and "distributed the Work on the internet in multiple formats to promote the sale and services began offering it as part of his business." (*Id.* at 6.)

Store Chain asserts Gilbert is subject to personal jurisdiction in Missouri because Gilbert lives in and conducts business in Missouri, because she committed the tortious and illegal acts alleged in the complaint in Missouri, and because Store Chain  suffered harm from her tortious and illegal acts in Missouri.  It argues more specifically,  Gilbert operates her business out of St. Charles, Missouri, and on information and belief,  Matkowsky sold Store Chain's copyrighted Work at issue to Gilbert in Missouri.

*Matkowsky's motion to dismiss*

In his motion to dismiss, Matkowsky argues the complaint provides no support for how this Court could have personal jurisdiction over a Florida resident with no contact with this state.  He argues Store Chain offers no explanation why the state of Missouri should have an interest in a dispute between a Nevada corporation and a Florida resident. He attests by declaration that he has had no contact with the state of Missouri, and none that would support jurisdiction.  He attests that he is a Florida resident, is not aware of any sales to Missouri residents, has not contacted any Missouri resident, has not interacted with any Missouri resident, has not completed any transaction in Missouri, has not engaged in any acts or omissions within Missouri that have caused injury, has not engaged in any acts

or omissions outside of Missouri that have resulted in injury within Missouri, has not registered to do business in Missouri, does not maintain any offices or agent-employees in Missouri, does not own any real or personal property in Missouri, does not have a corporate parent, subsidiary or any other related entities that are based in Missouri, does not have any employees that are based in Missouri, does not conduct any business in Missouri, and does not have any contractual relationships with any entity in Missouri.  (Doc. 29. Ex. 1.)

Store Chain opposes the motion, arguing its pleadings are supported by documents and admissions that establish that Matkowsky transacted business in Missouri by selling the infringing artwork to Gilbert in this District.  It notes the complaint contains screenshots of Matkowsky's website offering the artwork for sale, including in Missouri. (Doc. 1, ¶ 28-29.)  It notes Gilbert admits in her Answer that Matkowsky offered the images for sale, including to her in Missouri, that she purchased the images from Matkowsky, and that she was in Missouri when she made the purchase. (Doc. 13, ¶ 10-11, 17.)   Store Chain points out that these facts were developed and became part of the record when Matkowsky was finally served although Matkowsky neither acknowledges nor addresses them in his motion, ignoring the contents of the complaint.

Store Chain further argues that exercising personal jurisdiction over Matkowsky satisfies due process.  It notes that the copyrighted artwork is statutorily protected, that Matkowsky's conduct was intentional, that Matkowsky asserted his own copyright protections for its artwork, and that a screenshot demonstrating this was included in the complaint. (Doc. 1, ¶ 30.)  Store Chain argues this demonstrates that Matkowsky was aware of the protections provided by copyright law and even sought to invoke those protections to prevent others from infringing on his own infringement.

Store Chain refers to paragraphs 10, 11, and 17 of Gilbert's Answer to indicate what Matkowsky did to subject himself to potential litigation in Missouri:

> 10. Defendant Gilbert admits that Defendant Matkowsky offered images for sale to others, including her, in formats suitable for reproduction. Upon information and belief, Defendant Gilbert denies the allegations in Paragraph 10 of Plaintiff's Complaint that Defendant Matkowsky offered "Plaintiff's work."

> 11. Defendant Gilbert admits that she purchased an image from Defendant Matkowsky. Upon information and belief, Defendant Gilbert denies the allegations in Paragraph 11 of Plaintiff's Complaint that she purchased copies of "Plaintiff's copyrighted Work."
>
> * * *
>
> 17. Defendant Gilbert admits that she was in the State of Missouri when she purchased the image from Defendant Matkowsky. Upon information and belief, Defendant Gilbert denies all remaining allegations in Paragraph 17 of Plaintiff's Complaint.

Store Chain argues that these allegations in defendant Gilbert's Answer indicate that Matkowsky reached into Missouri to advertise Store Chain's artwork, and when Gilbert placed an order for that artwork, Matkowsky delivered it to Gilbert in Missouri. (Doc. 13, ¶ 10-11, 17.) Store Chain finally notes that because Gilbert, a Missouri resident, purchased the artwork from Matkowsky for resale in Missouri, she is a necessary party to the suit, and for that reason the suit can *only* be brought in this jurisdiction.

Store Chain argues other factors support a finding of jurisdiction. It cites Missouri's interest in protecting copyrighted artwork from infringement. It contends that although the Court exercising jurisdiction may cause some inconvenience for Matkowsky, advances in technology, as well as remote litigation practice, substantially reduce any asserted inconvenience. In sum, Store Chain asserts Matkowsky is selling its copyrighted artwork to Missouri clients for reproduction and resale in Missouri; therefore, Matkowsky's contacts with Missouri were and are substantial and continuous. Finally, it asserts exercising jurisdiction does not offend notions of fair play and substantial justice.

Matkowsky replies, arguing Store Chain failed to meet its burden of proof because it submitted nothing in response to his submitted declaration, relying solely on the allegations in the complaint and arguments of counsel. He argues Store Chain has made only bare allegations that Matkowsky has had other contacts with Missouri through its website and has not specifically alleged that Matkowsky purposefully directed its activities

through any other method. Matkowsky notes Store Chain has alleged a single sale by him, which he denies, and that a single sale is not legally sufficient, even if true.

## DISCUSSION

To defeat a motion to dismiss for lack of personal jurisdiction, "the nonmoving party need[] only make a prima facie showing of jurisdiction." *Miller v. Nippon Carbon Co., Ltd*. 528 F.3d 1087, 1090 (8th Cir. 2008). This requires "a plaintiff [to] state sufficient facts in the complaint to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state." *Dairy Farmers of America, Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474 (8th Cir. 2012) (internal quotation omitted). "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motion[] and in opposition thereto." *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir. 2004) (citation and internal quotations omitted). Store Chain has the burden of proving facts supporting personal jurisdiction. *Via systems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011). A plaintiff need only make a prima facie showing of jurisdiction based on the pleadings, affidavits, and exhibits. *Miller*, 528 F.3d at 1090. "For purposes of a prima facie showing, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." *Digi-Tel Holdings, Inc. v. Proteq Telecom., LTD*., 89 F.3d 519, 522 (8th Cir. 1996) (citation omitted).

In this case federal subject matter jurisdiction is predicated upon a federal statute. In such a case a federal district court cannot exercise personal jurisdiction over a defendant unless the statute at issue explicitly grants such jurisdiction or a state court in the forum state would have jurisdiction over that defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104-05 (1987); *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997); Fed.R.Civ.P. 4(k)(1)(A). Ascertaining a state's power in a federal question case is required under Rule 4(k)(1)(A), unless a federal statute authorizes nationwide service, which the Copyright Act does not. *See* Rule 4(k)(1)(D); *Janmark*, 132 F.3d at 1201–02.

Because the Copyright Act does not confer personal jurisdiction over Matkowsky, the personal jurisdiction analysis here requires two inquiries: whether the exercise of jurisdiction is proper under Missouri's long-arm statute, and whether it comports with due process. *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387-88 (8th Cir. 1991). The Eighth Circuit has indicated that both issues should be analyzed. *Dairy Farmers*, 702 F.3d at 475 (citing *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231–32 (Mo. 2010)).

### I.     Missouri Long-Arm Statute

Although Missouri's long-arm statute extends jurisdiction to the limits of the Due Process Clause, it does so only for certain enumerated categories of acts. The Missouri Supreme Court has held that the legislature intended the long-arm statute "to provide for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment." *Dairy Farmers*, 702 F.3d at 475 (quoting *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. 1984) (en banc)).

The Missouri Long-Arm Statute, Mo. Rev. Stat. Section 506.500, provides in relevant part:

> 1.     Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
>
> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state; [and]
>
> (3) The commission of a tortious act within this state….

*See* Mo. Rev. Stat. Section 506.500.

The "'transaction of any business' test is construed broadly so that long-arm jurisdiction is proper even if the nonresident is not qualified to do business in Missouri."

*Peabody Holding Co., Inc. v. Costain Group, Inc.*, 808 F.Supp. 1425, 1432 (E.D. Mo. 1992). Courts have repeatedly held that a single transaction, trip, meeting, or conference in Missouri is sufficient to justify the exercise of jurisdiction. *Id.* (collecting cases). "The purpose of the statute is 'to confer jurisdiction over nonresidents who enter into various kinds of transactions with residents of Missouri.'" *Capitol Indem. Corp. v. Citizens Nat. Bank of Ft. Scott, N.A.*, 8 S.W.3d 893, 904 (Mo. App. W.D. 2000) (citations omitted). The "transaction of business" test "is to be construed broadly so that even a single transaction may confer jurisdiction, if that is the transaction that gives rise to the suit." *Shilling v. Human Support Services*, 978 S.W.2d 368, 371 (Mo. App. E.D. 1998) (citations omitted).

Store Chain supported its allegations that Matkowsky sold the artwork in question in Missouri by attaching to its complaint screenshots of the artwork for sale on Matkowsky's website. (Doc. 1, ¶ 28-29.) In her Answer, Gilbert admits that Matkowsky offered the images for sale, including to Gilbert in Missouri, and that she purchased the images from Matkowsky. (Doc. 13, ¶ 10-11.) Gilbert also admits in her Answer that she was in Missouri when she made the purchase. (Id. at ¶ 17.) Based on the entire record, the Court concludes that Matkowsky transacted business in Missouri.

## II. The Due Process Clause

The above determination does not end the Court's analysis. Store Chain must also show that Matkowsky had sufficient minimum contacts with the State of Missouri to satisfy the requirements of the Due Process clause.

For the assertion of personal jurisdiction over a nonresident defendant, due process requires sufficient contacts between the nonresident defendant and the forum state " 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873, 880, (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "As a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

There are two types of personal jurisdiction—general and specific. General jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that the defendant may be subject to suit there even for causes of action distinct from the in-state activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 & n. 9 (1984). By contrast, a court may exercise specific jurisdiction over a nonresident defendant when the defendant has purposely directed its activities at the forum state, and the litigation results from injuries arising out of, or relating to, such activities. *Id.* & n. 8; *Johnson v. Arden*, 614 F.3d 785, 795 (8th Cir. 2010); *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008). In this case, there is no contention that Matkowsky is subject to general jurisdiction in Missouri; therefore, the Court focuses on the question of specific jurisdiction.

The Eighth Circuit has established a five-factor test to determine whether a defendant's contacts with the forum are sufficient to satisfy due process, affording the first three factors primary importance: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties, with the third factor applying only in the specific jurisdiction context. *Steinbuch,* 518 F.3d at 586.

Store Chain points to *Furminator, Inc. v. Wahba*, 2011 WL 3847390, at *3 (E.D. Mo. Aug. 29, 2011). In *Wahba*, plaintiff Furminator, Inc., held a trademark, which the foreign defendants infringed upon by selling counterfeit Furminator products through various websites to customers in Missouri and nationwide. *Id*. at *1. In holding that exercising specific personal jurisdiction was proper, the court noted that defendants knew that counterfeit products they sold through the internet were available to Missouri residents, the products were in fact sold to at least one Missouri resident, and "more-importantly[,]" the products infringed the plaintiff's trademark. *Id.* at *4.

Here, Store Chain's copyrighted artwork, like the plaintiff's trademark in *Wahba*, is statutorily protected. Moreover, Matkowsky's conduct was intentional. Matkowsky asserted his own copyright protections for plaintiff's artwork; a screenshot demonstrating

this was included in Store Chain's complaint. (Doc. 1, ¶ 30.) This demonstrates that Matkowsky was aware of the protections provided by copyright law and went so far to invoke those protections to prevent others from infringing on his own infringement. Matkowsky's online broadcast advertisements of Store Chain's artwork included Missouri, and when Gilbert placed an order for that artwork, Matkowsky delivered it to Gilbert in Missouri. (Doc. 13, ¶ 10-11, 17.)

At oral argument Matkowsky pointed to *Allied Ins. Co. of America v. JPaul Jones L.P.*, 491 F. Supp.3d 472 (E.D. Mo. 2020). That case involved plaintiff subrogee to Gloss Roots Boutique, which suffered a fire at one of its retail stores located in Fredericktown, Missouri. Plaintiff asserted the fire was caused by a defective vacuum device imported from codefendant TEK, a Chinese company, and distributed and sold in the United States and Missouri under the name and brand JPL, a limited partnership organized under the laws of Texas with its principal place of business in Texas. The personal jurisdiction arguments primarily revolved around JPL's operating a website that allowed for direct sales of its vacuums in Missouri. JPL had no physical locations, employees, or assets in Missouri. The court stated it was unclear how JPL's website could constitute the "suit-related conduct" that creates a substantial connection with the forum state. The Court held that specific jurisdiction does not attach simply because a defendant "operates a commercial website that is, at some level, interactive and allows for sales into the forum state." (*Id.* at 477.)

In a case such as this, the Court is mindful of the Eighth Circuit opinion in *Johnson v. Arden*, 614 F.3d 785 (8th Cir. 2010), which found instructive the test stated in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D.Pa. 1997). In *Zippo*, the district court stated that its review of cases regarding "the permissible scope of personal jurisdiction based on Internet use is in its infant stages. The cases are scant. Nevertheless,

> . . . the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet. . . . At one end of the spectrum are situations where a defendant clearly does business over the internet. If the defendant enters into contracts with residents of a foreign jurisdiction that

>involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. . . At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions.  A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. . . . The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer.  In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

952 F.Supp. at 1124.   In *Johnson*, the Eighth Circuit easily ruled against personal jurisdiction being attained where "[t]here is no interaction between users and a host computer; the site merely makes information available to other people.  The website's accessibility in Missouri alone is insufficient to confer personal jurisdiction." 614 F.3d at 796.  In the case at bar, defendant Matkowsky's web site indisputably did more than just post information.  Defendant Gilbert interacted with Matkowsky's web site and its host computer by contacting it and purchasing Store Chain's Work.

Nevertheless, the Court concludes that the Eighth Circuit's ruling in *Brothers and Sisters in Christ, LLC v. Zazzle, Inc.* 42 F.4th 948 (8th Cir. 2022), establishes that defendant Matkowsky's relationship with Missouri is constitutionally insufficient to establish the Court's personal jurisdiction over him for the claims alleged by plaintiff.  In that case plaintiff, a Missouri corporation, owned a trademark it alleges was violated by defendant, a California corporation.  Plaintiff's complaint alleged that defendant uses a Web page that is available to residents of Missouri and elsewhere to advertise and transact sales of its goods, including trademark infringing goods.  Plaintiff alleged defendant sold a shirt with its trademark to a Missouri resident and shipped it to Missouri.  42 F.4th at 950-51.  This district court dismissed the case for lack of personal jurisdiction over the defendant.

The Court of Appeals affirmed the dismissal.  In doing so, it noted that the single t-shirt sale to a Missouri resident was the only action defendant took relating to plaintiff's sued upon cause of action.  Citing the Supreme Court, the Eighth Circuit noted, "The Supreme Court has strongly suggested that a single sale of a product in a State does not

constitute an adequate basis for asserting jurisdiction over an out-of-state defendant." *Id.* at 953 (internal quotation marks and citation omitted). While defendant sold its allegedly infringing shirt to a Missouri consumer, it did so in response to the consumer's access to its nationally available website. *Id.* The Court of Appeals also ruled that these circumstances failed the *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), "effects test" where the act of the defendant was not only intentional and harm-producing (which have been shown in the case at bar) but also was "uniquely or expressly aimed at the forum state," *id.* at 954, the pivotal factor not present in this case. Nothing in the record indicates that Matkowsky directed his business activity specifically to Missouri before defendant Gilbert acted to purchase plaintiff's Work from the web site.

The other factors identified by the Eighth Circuit, *i.e.* the interest of the forum state in providing a forum for its residents and the convenience of the parties, *Steinbuch,* 518 F.3d at 586, while relevant, are insufficient to tip the scale against the constitutionally insufficient contact. Missouri unquestionably has an interest in protecting copyrighted artwork from infringement and in protecting its residents from unwittingly purchasing infringing works. And the ability of current technology and remote litigation practice would greatly mitigate the inconvenience to Matkowsky in litigating the case here. *See Liqui-Box Corp. v. Scholle IPN Corp.*, 2020 WL 5593755, at *8 (N.D.Ill. Sept. 18, 2020). Nevertheless, as stated, these factors do not make up for the lack of a sufficient Missouri-directed act by defendant Matkowsky that caused plaintiff's harm.

Therefore, the motion of defendant Matkowsky motion to dismiss is sustained. Plaintiff Store Chain's claims against defendant Matkowsky are dismissed without prejudice.

**Motion for Costs of Service**

Store Chain also moves for costs and expenses it incurred in making service on Matkowsky pursuant to Federal Rule of Civil Procedure 4(d)(2). Matkowsky's prevailing on his motion to dismiss does not disqualify Store Chain from seeking this relief; getting service on Matkowsky was necessary to litigate what followed. In support of its motion,

Store Chain provided the following history of its attempts at service, along with supporting exhibits.

Store Chain filed this action on September 7, 2022.  On September 8, it sent a certified mail letter to Matkowsky at 2601 54th St. S., Gulfport, FL 33707.    Pursuant to Rule 4(d)(2), the letter provided Matkowsky with a copy of the "NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SUMMONS," a court-approved form, and gave Matkowsky 30 days to waive service.

The USPS first attempted delivery of the Rule 4(d)(1) letter on September 12 and left a reminder on September 17.  The letter remained available for pickup by Matkowsky at his local post office until October 13 when it was returned as undeliverable.  Store Chain received the returned copy of the 4(d)(1) letter shortly thereafter.  (Ex. 3.)

Matkowsky's time to waive service expired on Friday, October 7.  On Monday, October 10, Store Chain filed its Notice of Intent to Use Process Server with this Court and requested a summons, which was issued on October 26, 2022.

In its efforts to timely serve Matkowsky, who travels frequently and for extended periods, Store Chain's attorneys monitored Matkowsky's public Facebook profile.  Matkowsky's travel and Store Chain's attempts to serve him are detailed in plaintiff's Request for Service by Marshal.  (Doc. 16.)

Store Chain  attempted service on Matkowsky on October 31, at an address believed to be his mother's during a period when it appeared that Matkowsky was staying there.  Store Chain had previously attempted to serve Matkowsky in a related state-court lawsuit at his Gulfport home address on June 10, June 13, and June 17, 2022.  Based on these four unsuccessful service attempts, plaintiff sought leave from the Court to request service by the U.S. Marshal.

While Store Chain's request was pending, it continued to attempt service on Matkowsky.  On January 24, 2023, Store Chain's process server successfully attained in-person personal service on Matkowsky at his Gulfport home address, the same address where it had previously attempted service of the state court action and where its Rule 4(d) letter was mailed.

Matkowsky opposes the motion, asserting he never received the waiver request and that the request was never delivered or received because he was traveling during the time frame when the letter was sent.  He argues that despite knowing that he was often out of town and knowing that the waiver request was returned as undeliverable, Store Chain never attempted to contact him by other means, such as email, to notify him of the lawsuit and waiver request.  He contends the non-receipt of a waiver request is the quintessential example of "good cause" for not returning a waiver of service.  He argues the motion is baseless, should not have been filed, and must be denied.

Store Chain replies, asserting Matkowsky's public Facebook profile contradicts his assertion that he was traveling during the period at issue and that he was actually at home in Gulfport building a fence.

The Court concludes Matkowsky has not demonstrated good cause for his failure to waive service.  Rule 4(d)(1) states that it is a defendant's "duty to avoid unnecessary expenses of serving [a] summons."  Rule 4(d)(2) states that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff" the Court must impose certain expenses on the defendant.  The Advisory Notes to Fed.R.Civ.P. 4 are clear that "[s]ufficient cause not to shift the cost of service would exist . . . if the defendant did not receive the request; or was insufficiently literate in English to understand it." Fed. R. Civ. P. 4 (Notes of Advisory Committee on 1993 amendments) The 1993 Advisory Committee notes to Rule 4 make it clear that "[a] defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare.  It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction."

Matkowsky's argument, that he did not receive the Rule 4 letter because he was traveling is contradicted by his public Facebook page.  As stated above, the USPS first attempted delivery of the Rule 4 letter on September 12, 2022 and left a reminder on September 17.  The letter remained available for pickup at his local post office until October 13, when it was returned as undeliverable. (Doc. 28, ¶ 3.)

Matkowsky posted on his public Facebook page that the fence at his home in Gulfport was damaged by Hurricane Ian and he needed a new fence. (Ex. 1.) Hurricane Ian occurred from September 23 through 30, 2022. Defendant posted a picture of the damaged fence on September 30—during the period when the Rule 4 letter was at his post office awaiting pickup pursuant to the September 17 reminder. (Doc. 28, ¶ 3.) On October 4, while the Rule 4 letter was still at his local post office awaiting pickup pursuant to the September 17 reminder, Matkowsky posted another photo of his new fence with the caption "new fence my first time building one i [*sic*]." *Id.* Photos of Matkowsky's Gulfport home, where the Rule 4 letter was sent and where he was ultimately served show both the old fence, in a Google Street View photo taken in April 2022, and the new fence, in a Google Street View photo taken in January 2023.

Matkowsky argued at oral argument that his Facebook postings do not prove that he was at his Gulfport home during the dates in question and are contradicted by his Declaration in which he attests that he was traveling during the period in question. Specifically he asserts he was out of town on September 12 and 23 and that he never saw or received the certified letter.

The Court concludes on this record and under these circumstances Matkowsky has not demonstrated that was traveling continuously as he indicates in his Declaration. Rather, Matkowsky may not have received the Rule 4 letter because he declined to collect his certified mail. The Court concludes on this record and under these circumstances, Matkowsky has not met his burden of showing good cause for his failure to waive service. *See Argenyi v. Creighton University*, 703 F.3d 441, 446 (8th Cir. 2013) (a self-serving affidavit must be considered, but its particular factual allegations must also be scrutinized for independent documentary evidence to support them).

Accordingly, the Court grants Store Chain's motion for costs of service. Defendant Seth Matkowsky must pay plaintiff Store Chain costs and fees totaling $553.93 for the service of process and preparation of its motion pursuant to Fed. R. Civ.P. 4(d)(2).

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant Seth Matkowsky to dismiss for lack of personal jurisdiction **[Doc. 29.] is SUSTAINED.** Plaintiff's claims against defendant Matkowsky are dismissed without prejudice. Plaintiff's Count 4 claim against defendant Melissa Gilbert remains in the case.

**IT IS FURTHER ORDERED** that the motion of plaintiff Store Chain, Inc., for attorneys' fees and costs of service **[Doc. 28] is GRANTED.** Defendant Seth Matkowsky must forthwith pay plaintiff Store Chain, Inc., its costs and fees totaling $553.93 for the service of process and preparation of its related motion.

                                                                                       **/s/ David D. Noce**
                                          **UNITED STATES MAGISTRATE JUDGE**

Signed on April 12, 2023.